UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br>10 Parkway North<br>Deerfield, IL 60015,<br><br>       Plaintiff,<br><br>       v.<br><br>ATLANTIC CONCRETE CUTTING, INC.,<br>396 North Pemberton Road<br>Mount Holly, NJ 08060,<br><br>       and,<br><br>AGATE CONSTRUCTION COMPANY,<br>1030 Route 83<br>Clermont, NJ 08210<br><br>       Defendants. | Civil Action No. 2:21-CV-781<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Evanston Insurance Company ("Evanston"), by and through its attorneys, Freeman, Mathis & Gary, LLP, hereby files, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, this complaint for Declaratory Judgment against Defendants Atlantic Concrete Cutting, Inc. ("Atlantic Concrete") and Agate Construction Company ("Agate"), and states as follows:

### NATURE OF THIS ACTION

1. This is a civil action for declaratory judgment. Evanston seeks this Court's determination concerning the scope and nature of its obligations, if any, as issuer of a commercial umbrella liability insurance policy (the "Policy," defined below) to Atlantic Concrete.

2. This case arises out of three wrongful death lawsuits filed by Kimberly Bolden-Johnson ("Bolden-Johnson" or "Underlying Claimant") in the Pennsylvania Court of Common Pleas of Philadelphia County, consolidated under the lead action captioned *Kimberly Bolden-Johnson, Individually and as the Administratrix of the Estate of John Calvin Johnson, Deceased, v. Agate Construction Company, Inc., et al.,* January Term 2018, Case No. 01066 (the "Underlying Action").

3. In connection with the Underlying Action, as Defendants have sought a defense and/or indemnification from Evanston, an actual, justiciable controversy exists between the parties as to which a declaratory judgment setting forth their respective rights and obligations, if any, under the subject insurance policy is necessary and appropriate.

## THE PARTIES

4. Evanston is an Illinois company and with a principal place of business located at 10275 West Higgins Road, Suite 750, Rosemont, Illinois.

5. Upon information and belief, Atlantic Concrete is a New Jersey company with a principal place of business located at 396 North Pemberton Road, Mount Holly, NJ 08060.

6. Upon information and belief, Agate is a New Jersey company with a principal place of business located at 1030 Route 8, Clermont, NJ 08210.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. The matter in controversy is between citizens of different states because Evanston is a citizen of the State of Illinois, and Atlantic Concrete and Agate are citizens of the State of New Jersey.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Underlying Action giving rise to this dispute is being litigated in this judicial district. Venue is also proper because Evanston and Defendants regularly conduct business within this judicial district.

## FACTUAL ALLEGATIONS

### The Evanston Umbrella Policy

10. Evanston issued to Atlantic Concrete a commercial umbrella liability policy, number CUBW5688915, for the period of January 28, 2015 to January 28, 2016 (the "Evanston Policy"). A true and correct copy of the Evanston Policy is attached hereto as Exhibit A.

11. The Evanston Policy provides commercial excess liability coverage, subject to a $9,000,000 each occurrence limit and a $9,000,000 aggregate limit.

12. The Evanston Policy's insuring agreement states in part that:

**SECTION I – INSURING AGREEMENTS**

**Occurrence and Clams-Made Coverage**

A. This insurance applies to "bodily injury," "property damage," "personal injury," and "advertising injury" covered by "underlying insurance" written on an "occurrence" basis and listed in the Schedule of Underlying Insurance, but only if:

1. The "bodily injury" or "property damage" was caused by an "occurrence," and/or the "personal injury," or "advertising injury" was caused by an "offense";

2. The "occurrence" or "offense" took place in the "coverage territory," and

3. The "bodily injury," "property damage," "personal injury," or "advertising injury" occurred during the policy period of this policy.

\* \* \*

**Coverage A – Bodily Injury and Property Damages Liability**

A.   Insuring Agreement

We will pay on behalf of the insured for that portion of "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies, but only up to the Limits of Insurance stated in Item 3. of the Declarations.  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SECTION II – DEFENSE AND SUPPLEMENTARY PAYMENTS-COVERAGE A and B.

* * *

(Ex. A, Section I, Coverage A.)

13.   The Evanston Policy provides in Section II – Defense and Supplementary Payments Coverage A and B, in pertinent part:

**SECTION II – DEFENSE AND SUPPLEMENTARY PAYMENTS COVERAGE A AND B**

A.   We have the right to defend any insured against a "claim" or "suit" seeking damages for "bodily injury," "property damage," "personal injury," or "advertising injury" to which this insurance applies, but:

1.   We have no duty to defend any insured against a "claim" or "suit" when the "occurrence" or "offense" is not covered by this policy.

2.   When an "occurrence" or "offense" is covered by this policy and is also covered by "underlying insurance" or any other applicable insurance, we have no duty to defend.  We shall have the right to associate with the insured in the defense and control of any "claim" or "suit" that we think may involve this policy.

* * *

(Ex. A, Section II.A.)

14.   The Evanston Policy includes an exclusion for breach of contract, which states:

**BREACH OF CONTRACT EXCLUSION**

> In consideration of the premium charged it is hereby understood and agreed that this insurance does not apply to the "Ultimate Net Loss" for any loss, cost and/or expense arising out of, resulting from, or contributed in any way by, any Breach of Contract whether express or oral, nor for any Breach of an implied in law or implied in fact contract.
>
> This entire exclusion shall apply to any additional Insureds under this policy….

(*Id.*, Evanston Policy, "BREACH OF CONTRACT EXCLUSION" Endorsement, Form MEU 5415 03 05 XS.)

15. The Evanston Policy also contains the following Non-Drop Down Provision:

**NON-DROP DOWN PROVISION**

> In consideration of the premium charged it is hereby understood and agreed that the aggregate limit of liability of any underlying insurance as set forth in Item 5 of the Declarations shall not be reduced by "Ultimate Net Loss" as respects coverage excluded hereunder.  It shall be the insured's sole responsibility to provide other insurance or self-insurance for any impairment of the underlying aggregate limit as a result of the "Ultimate Net Loss" ….

(*Id.*, Evanston Policy, "NON-DROP DOWN PROVISION" Endorsement, Form MEU 7069 05 01.)

**The Travelers Primary Policy**

16. The Evanston Policy's schedule of underlying insurance provides that it is excess over a commercial general liability policy, number DTCO5504P956TIA15, issued by The Travelers Indemnity Company of America to Atlantic Concrete for the period of January 28, 2015 to January 28, 2016 (the "Travelers Policy").

17. The Travelers Policy provides commercial liability coverage subject to a $1,000,000 each occurrence limits and a $2,000,000 aggregate limit.

18. With regard to Additional Insured coverage, the Evanston Policy provides that it "will follow form over Additional Insureds covered in the [Travelers Policy] ***to the extent of***

*their liability due to the negligence of [Atlantic Concrete].*"  (*Id.*, Policy, Section I, Coverage A. (emphasis added).)

  19. The Travelers Policy has a Blanket Additional Insured (Contractors) endorsement, which states in part that:

> 1. WHO IS AN INSURED – (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:
>
>    a) Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and
>
>    b) If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies.  The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

* * *

## The Underlying Action

  20. On or about June 4, 2018, Bolden-Johnson, individually and as Administratrix of the Estate of John Calvin Johnson, deceased, commenced the Underlying Action against Agate and others (**but not Atlantic Concrete**) to seek damages for the alleged drowning death of the decedent, John Calvin Johnson.

  21. According to the Complaints in the Underlying Action, the decedent was allegedly working in the course and scope of his employment as a construction worker for Atlantic Concrete on the rehabilitation of Pier 78 South located at 2000 Columbus Boulevard, Philadelphia, PA (the "Pier 78 Project"), when he fell into the Delaware River and drowned.

  22. The Underlying Complaints allege that Agate was the general contractor for the Pier 78 Project.

23. The Underlying Complaints allege causes of action against Agate for Negligence, Wrongful Death, Survival Action, and Gross Negligence and Recklessness.

24. On or about October 22, 2018, Agate filed a Joinder Complaint against Atlantic Concrete in the Underlying Action.

25. The Joinder Complaint alleges that Agate entered into a subcontract agreement with Atlantic Concrete dated November 25, 2015 (the "Subcontract") for the performance of certain portions of the work on the Pier 78 Project.

26. The Joinder Complaint originally alleged four (4) causes of action against Atlantic Concrete for Negligence (Count I), Contractual Indemnification (Count II), Common Law Indemnification (Count III), and Breach of Contract (Count IV).

27. However, the Negligence (Count I) and Common Law Indemnification (Count III) causes of action in the Joinder Complaint were later dismissed by Stipulation of the Parties dated December 5, 2018 and/or by Order of the Court dated December 27, 2018 (sustaining Atlantic Concrete's preliminary objections to Counts I and III of the Amended Complaint).

28. As a result, only the Contractual Indemnification (Count II) and Breach of Contract (Count IV) causes of action in the Joinder Complaint remain against Atlantic Concrete.

29. In Count II of the Joinder Complaint, Agate alleges that, pursuant to Article 8 of the Subcontract, Atlantic Concrete has a contractual obligation to indemnify and hold harmless Agate in the Underlying Action.

30. In Count IV of the Joinder Complaint, Agate alleges that, pursuant to Article 9 of the Subcontract, Atlantic Concrete was required to secure and provide commercial general liability insurance coverage naming Agate as an additional insured with regard to all such coverage.

31. Agate further alleges that, to the extent that Atlantic Concrete did <u>not</u> secure the insurance required in the Subcontract, including the appropriate additional insured coverage in favor of Agate, then Atlantic Concrete breached the insurance provisions of the Subcontract by failing to procure required insurance and is liable to Agate for its breach.

32. Alternatively, Agate alleges that, to the extent that Atlantic Concrete <u>did</u> secure the insurance required in the Subcontract, including the appropriate additional insured coverage in favor of Agate, then Atlantic Concrete breached the insurance provisions of the Subcontract by failing to provide required insurance coverage to Agate.

33. As Atlantic Concrete's primary insurer, Travelers appointed defense counsel at the law firm of Delaney McBride, PC to defend Atlantic Concrete in the Underlying Action.

## The Insurance Coverage Controversy

34. An actual controversy exists between Evanston and Defendants regarding Evanston's obligation, if any, to defend and/or indemnify Defendants for losses resulting from the Underlying Action. Evanston contends that it has no such obligation under the Evanston Policy. Alternatively, if Evanston is found to have any such obligation, Evanston contends that these obligations are limited pursuant to the terms, conditions and exclusions set forth in the Evanston Policy. Defendants dispute Evanston's contentions.

35. As such, an actual, immediate, and justiciable controversy exists between Evanston and Defendants concerning their respective rights and obligations, if any, under the Evanston Policy with respect to the Underlying Action.

36. Pursuant to 28 U.S.C. § 2201 *et seq*, Evanston is entitled to a judicial determination concerning the scope and nature of its rights and obligations, if any, under the Evanston Policy with respect to the Underlying Action.

## COUNT I
## REQUEST FOR DECLARATORY RELIEF
### (Versus Atlantic Concrete)

37. Evanston restates and incorporates each of the foregoing allegations as if fully set forth at length herein.

38. As detailed above, a real and judiciable controversy exists between the parties regarding their rights and obligations under the Evanston Policy.

39. Under the terms, conditions, and exclusions of the Evanston Policy, the policy provides no coverage to Atlantic Concrete in connection with the Underlying Action.

40. The sole remaining claims against Atlantic Concrete in the Underlying Action are for Contractual Indemnification (Count II) and Breach of Contract (Count IV).

41. By its plain terms, the Evanston Policy's Breach of Contract Exclusion precludes coverage for the claims against Atlantic Concrete in the Underlying Action because they stem entirely from Atlantic Concrete's Subcontract with Agate.

42. Furthermore, pursuant to the Drop-Down Provision in the Evanston Policy, the aggregate limit of the underlying insurance as set forth in Item 4 of the Declarations, *i.e.*, the Travelers Policy, is not reduced by "ultimate net loss" as respects coverage excluded under the Evanston Policy.

43. Therefore, it is Atlantic Concrete's sole responsibility to provide other insurance or self-insurance for any impairment of the underlying aggregate limit as a result of "ultimate net loss" from the Underlying Action that is barred by the Evanston Policy's Breach of Contract Exclusion.

44. Evanston is entitled to declaratory relief that the Evanston Policy does not provide coverage to Atlantic Concrete in connection with the Underlying Action.

**WHEREFORE**, Evanston respectfully requests that the Court:

(a)     Declare that Evanston does not owe coverage to Atlantic Concrete under the Evanston Policy in connection with the Underlying Action;

(b)     Declare that it is Atlantic Concrete's sole responsibility to provide other insurance or self-insurance for any impairment of the underlying aggregate limit as a result of any "ultimate net loss" from the Underlying Action that is excluded by the Evanston Policy;

(c)     Award Evanston its costs; and

(d)     Grant Evanston such other and further relief as may be necessary and appropriate under the circumstances.

## COUNT II
## REQUEST FOR DECLARATORY RELIEF
## (Versus Agate)

45.     Evanston restates and incorporates each of the foregoing allegations contained in paragraphs 1 to 36 as if fully set forth at length herein.

46.     As detailed above, a real and judiciable controversy exists between the parties regarding their rights and obligations under the Evanston Policy.

47.     Agate is not a Named Insured under the Evanston Policy.

48.     Nor does Agate constitute an Additional Insured under the Evanston Policy for purposes of the Underlying Action.

49.     The Evanston Policy follows form to the Blanket Additional Insured (Contractors) endorsement in the underlying Travelers Policy, which provides for additional insured coverage only to the extent that "the injury or damage is caused by acts or omissions of [Atlantic Concrete] or [its] subcontractor," and states that persons or organizations do not qualify as additional insureds "with respect to the independent acts or omissions of such person or organization."

50. Here, the Complaints in the Underlying Action allege that the decedent's death was caused as a result of the negligence of Agate such that Agate would not qualify as an additional insured under the Evanston Policy.

51. Furthermore, by its plain terms, the Evanston Policy only provides Additional Insured coverage "to the extent of [the Additional Insured's] liability due to the negligence of the Named Insured."

52. Here, the only remaining claims against Atlantic Concrete in the Underlying Action stem from the Subcontract between Agate and Atlantic Concrete, and not any alleged negligence on the part of Atlantic Concrete.

53. Evanston is entitled to declaratory relief that the Evanston Policy does not provide coverage to Agate in connection with the Underlying Action.

**WHEREFORE**, Evanston respectfully requests that the Court:

(a) Declare that Evanston does not owe coverage to Agate under the Evanston Policy in connection with the Underlying Action;

(b) Award Evanston its costs; and

(c) Grant Evanston such other and further relief as may be necessary and appropriate under the circumstances.

## COUNT III
## REQUEST FOR DECLARATORY RELIEF
### (Versus Atlantic Concrete and Agate)

54. Evanston restates and incorporates each of the foregoing allegations contained in paragraphs 1 to 36 as if fully set forth at length herein.

55. As detailed above, a real and judiciable controversy exists between the parties regarding their rights and obligations under the Evanston Policy.

56. Evanston seeks a declaration that, under the express terms, conditions, and exclusions contained in the Evanston Policy, Evanston has no obligation, either in whole or in part, to defend and/or indemnify Defendants with regard to the Underlying Action because, among other things, Defendants' coverage claims are barred as:

(i) the Underlying Action is not the result of an "occurrence" within the meaning of the Evanston Policy;

(ii) any "occurrence" covered by the Evanston Policy is also covered by "underlying insurance" or any other applicable insurance such that Evanston has no duty to defend;

(iii) some or all of the insurance recovery sought by Defendants is for liability associated with punitive damages or civil or criminal penalties or fines, coverage is barred by applicable law, public policy, and/or the language of the Evanston Policy; and

(iv) the Evanston Policy's terms, conditions, definitions, exclusions, and endorsements apply to bar and/or limit coverage for the Underlying Action.

**WHEREFORE**, Evanston respectfully requests that the Court:

(a) Declare that Evanston does not owe coverage to Defendants under the Evanston Policy in connection with the Underlying Action;

(b) Award Evanston its costs; and

(c) Grant Evanston such other and further relief as may be necessary and appropriate under the circumstances.

**FREEMAN, MATHIS & GARY, LLP**

BY: /s/ Erin E. Lamb
Erin E. Lamb, Esq.
Paul Piantino, Esq. (pro hace vice forthcoming)
1600 Market St.
Suite 1210

                                              Philadelphia, PA  19103
                                              elamb@fmglaw.com
                                              (215) 971-2929
                                              *Attorneys for Plaintiff,*
                                              *Evanston Insurance Company*

Dated: February 19, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2021, I have mailed by United States Postal Service to the following:

ATLANTIC CONCRETE CUTTING, INC.,
396 North Pemberton Road
Mount Holly, NJ 08060,

    and,

AGATE CONSTRUCTION COMPANY,
1030 Route 83
Clermont, NJ 08210

    *Defendants*

        /s/ Erin E. Lamb